Charles E. Drake, Esq. Informal Opinion County Attorney No. 96-10 County of Hamilton 1416 Genesee Street Utica, N Y 13502
Dear Mr. Drake:
You have inquired whether a member of the county's board of supervisors has a conflict of interests under certain circumstances. Your original inquiry dealt with two members of the board of supervisors. You informed me by telephone, however, that one board member was not reelected.
A member of the board of supervisors instituted a civil rights action in district court against the county seeking $1,500,000 in damages allegedly resulting from the actions of a county official. You have indicated that the county has adopted section 18 of the Public Officers Law, which provides for defense and indemnification of its officers and employees and has acquired public officers legal liability insurance to defend the county and cover its liability. In subsequent correspondence and in a telephone conversation you have explained that the sole question raised is whether the member of the board of supervisors who has a lawsuit pending against the county has a conflict of interests in voting on any financial or appropriation matter on behalf of the county. Apparently, the board of supervisors views the county's ability to pay the costs of any settlement or judgment as matters which may affect the board member's ability to act on any appropriation or financial matters solely in the public interest. You have explained that the county's insurance covers $1,000,000 per occurrence and $1,000,000 per year and that there are two other lawsuits against the county which far exceed the policy limits.
In our view, the existence of the lawsuit does not prohibit the board member from acting on all financial and appropriation matters. If he was prohibited from acting on such matters, to a substantial extent he would not be able to perform the duties of his office and would have to resign. Generally, the existence of a lawsuit by an officeholder against the municipality he serves should not warrant that result. Municipalities that lack the resources to pay any judgment or compromised or settled claim are authorized to contract indebtedness pursuant to provisions of the Local Finance Law in order to make the necessary payments. Local Finance Law §§ 10.00(a), 11.00(a)(33), 29.00(d), 35.00(b)(4). Thus, funds can be made available for payment of claims. The board member, however, must recuse himself from taking part in any deliberations or voting on matters relating to the lawsuit or any similar litigation against the county.
You have raised a general question and, therefore, this opinion cannot contemplate every potential situation and circumstance that may face the member of the board of supervisors. We recommend that in any situation where the board member has any doubts as to whether he can act impartially and solely in the public interest, he should recuse himself from deliberations and decision making. Further, even the appearance of impropriety must be avoided in order to maintain public confidence in government. Additionally, he can present questions to the county board of ethics for an advisory opinion. Under section 808 of the General Municipal Law, the governing body of any county may establish a board of ethics to render advisory opinions to officers and employees.
We conclude that litigation by a member of a county board of supervisors against a county official who is eligible to receive defense and indemnification by the county does not disqualify the board member from acting on any financial or appropriation matter. When there is any doubt as to whether the board member can act impartially, he or she should recuse himself or herself or bring the issue before the county board of ethics for an advisory opinion.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Attorney General in Charge of Opinions